UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 3:04-cr-138 (JCH) |
| | : | |
| RASHAD HARDY | : | MAY 12, 2009 |

**RULING RE: ELIGIBILITY FOR RESENTENCING (Doc. Nos. 2181 and 2191)**

On September 23, 2008, this court issued an Order to Show Cause why the defendant, Rashad Hardy, should be given a reduced sentence pursuant to the newly retroactive change in the crack-cocaine guidelines. See Doc. No. 2181. The court noted that Hardy had been found to be a career offender at sentencing, and that he therefore appeared ineligible to obtain a reduced sentence. Id. In response, Hardy has argued that he is nonetheless eligible for a sentencing reduction. See Doc. No. 2191.

At sentencing,[1] the court determined that Hardy was a career offender. Without career offender status, Hardy's offense level would have been 26, and his criminal history category VI. Sentencing Tr. at 3-5. As such, after accounting for acceptance of responsibility, Hardy would have faced a guidelines range of 92-115 months' imprisonment. Because he was a career offender, however, the sentencing guidelines increased his offense level to 34, with his criminal history remaining at category VI. Id. This meant that, after accounting for acceptance of responsibility, Hardy faced a guidelines range of 188-235 months' imprisonment.

---

[1] The court has reviewed the PSR, Statement of Reasons, and transcript in connection with the instant Ruling.

1

The government next made a motion for the court to downwardly depart from the sentencing guidelines, on the basis of the substantial assistance that Hardy provided to the government.  Id. at 5-6.  The court granted this Motion and agreed to downwardly depart.  Id. at 6-8.  In light of that decision to depart from the career offender guidelines, and after weighing all of the factors under 18 U.S.C. § 3553(a), id. at 10-15, the court imposed a sentence of 84 months imprisonment.  Id. at 16.

In his Response to the Show Cause Order, Hardy acknowledges that he qualified for career offender status at sentencing.  Hardy nonetheless argues that he is eligible for a reduction in his sentence because he received an actual sentence of 84 months, which "reflects a sentence at the low end of a level 22 with a criminal history category of VI."  Therefore, he argues, because the crack-cocaine amendments made two-level reductions in the base offense levels for given quantities of crack cocaine under U.S.S.G. § 2D1.1, he should be re-sentenced to the "low end of an offense level 20 with a criminal history of VI."  As Hardy points out, the range for offense level 20 and criminal history category VI is 70-87 months, and Hardy asks for a 70 month sentence.

Hardy is only eligible for a retroactive sentence reduction if the crack-cocaine amendments "have the effect of lowering the defendant's applicable guideline range" within the meaning of U.S.S.G. § 1B1.10.  That statement provides that a court shall not reduce the defendant's term of imprisonment "to a term that is less than the minimum of the amended guideline range," id. § 1B1.10(b)(2)(A), with the following exception:

> If the original term of imprisonment imposed was less than the term of
> imprisonment provided by the guideline range applicable to the defendant at the

>time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(b).  At sentencing, Hardy received a term of imprisonment that was less than the term applicable under the Guidelines.  His term of imprisonment resulted from the court's departure below the guideline range pursuant to a § 5K1.1 motion of the government based on the defendant's substantial assistance, after weighing all of the factors under 18 U.S.C. § 3553(a).  <u>See</u> Statement of Reasons, Tr. at 5-8, 10-15, and 16.  In light of Hardy's career offender status, and the fact that the court did not base Hardy's sentence on the crack-cocaine guidelines, his guidelines calculation was not affected by the retroactive change in the crack-cocaine guidelines.  <u>See</u> <u>United States v. Ogman</u>, 535 F.3d 108, 111 (2d Cir. 2008) (holding that where sentence is pursuant to Guideline range that results from status as a career offender, and without reliance upon the Guidelines' drug quantity table, remand to district court for resentencing is not appropriate); <u>cf.</u> <u>United States v. McGee</u>, 553 F.3d 225 (2d Cir. 2009) (holding that where a defendant designated a career offender was granted a departure so that he was ultimately sentenced based on the crack cocaine guidelines, he is eligible for a reduced sentence).  Because Hardy received a non-guideline sentence, and his sentence was not based on the crack-cocaine guidelines, a further reduction would not be appropriate.

      For the foregoing reasons, the court DENIES Hardy's Motion for a Reduced

Sentence (Doc. No. 2191).

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 12th day of May, 2009.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge